THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



WILL WILSON
ATTORNEY GENERAL

July 31, 1957

Honorable Henry Wade          Opinion No. WW-198
District Attorney
Dallas County                 Re: Effective date of House
Records Building                  Bill 6, Acts of 55th
Dallas, Texas                     Legislature, Regular
                                  Session, Chapter 243,
Dear Mr. Wade:                    p. 505, Acts, 1957.

        You have requested an opinion as to the effec-
tive date of House Bill 6, Acts of the 55th Legislature,
Regular Session, 1957, page 505.

        We advise that in our opinion the effective
date of the Act is January 1, 1958.

        The caption to the Act provides that it shall
take effect on January 1, 1958. The body of the Act
in the last clause of Section 104 provides that it
shall take effect on January 1, 1958. There is
nothing else in the caption, nor body of the Act
indicating any other date as the effective date of
the Act. In view of the fact that the caption
specifically states that the effective date is January
1, 1958, we doubt if any change in the body of the
Act making it effective otherwise would be valid.

        Our conclusion is not in conflict with the
result reached in Opinion No. WW-171 (1957). In
that Opinion, we held that despite the fact that the
commonly called emergency clause provided that the
Act should take effect September 1, 1957, the Act
became effective on August 22, 1957, being 90 days
after adjournment. In that Act, the caption said
nothing whatever about the effective date of the Act
other than saying "and declaring an emergency". The
caption, therefore, indicates to the reader that the
Act would become effective 90 days after adjournment
unless a proper 2/3rds vote is secured in which
event it would become effective at some earlier date.
In short, there is nothing in the caption of the Act
to indicate that it would become effective on Septem-
ber 1, 1957. That Act also contained in its body a
specific provision in Section 1 that the Comptroller

should make three transfers from the school fund during three calendar years between August 15 and August 31, 1957, 1958 and 1959.  If the Act should not be in effect until September 1, 1957, the Comptroller could not comply with the provisions of the Act for the first transfer of the fund not later than August 31, 1957.  Therefore, there is a conflict between the effective date stated in Section 2 and Section 1 of the Act.  Since the caption contained nothing to indicate an effective date of September 1st, but specifically provides for the Act to be in operation not later than August 31, 1957, we held that the Act will, therefore, be effective 90 days after adjournment, to-wit, August 22, 1957.

It is customary to speak of both the suspension of the three day rule and putting an Act into immediate effect as an "emergency".  Actually, there are really two clauses (1) an imperative public necessity clause provided for in Article III, Section 32 of the Constitution which allows a suspension of the rule requiring bills to be read on three separate days when voted by 4/5ths of each House, and (2) an emergency clause under Article III, Section 39 of the Constitution which authorizes an Act to become effective earlier than ninety days after adjournment upon a 2/3rds vote.

It is to be noticed that the body of the Act of House Bill 6 did have a clause which suspended the three day rule under what may be called the "imperative public necessity" clause, but it does not contain an "emergency" clause, but states that the Act is effective on January 1, 1958.  The notation following House Bill 6 at page 526 of the Acts of 1957, shows that the bill passed both Houses by voice vote.  It is not shown whether the rule was suspended by receiving a 4/5ths vote, but only shows final passage by voice vote.  As a matter of fact, there might be conditions under which the Legislature might determine it advisable to secure final passage of an Act by suspending the three day rule, but it does not necessarily mean that the Legislature desires to use strictly an emergency to put a bill in effect before the expiration of 90 days after adjournment.  In House Bill 6, we see that regardless of what the Legislature did with reference to suspending the rule, it did not show any intention to make the Act effective before January 1, 1958.

## SUMMARY

House Bill No. 6, Regular Session,
55th Legislature, Acts, 1957, page
505 becomes effective on January 1,
1958.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

H. Grady Chandler
Assistant

APPROVED

OPINION COMMITTEE:
Howard Mays, Chairman
Mary Kate Wall
W. R. Hemphill
Wayland C. Rivers, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Geo.P. Blackburn

HGC:jas